UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bincymol Joseph,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CV Medical, LLC and Davis Tool, Inc.,<br><br>　　　　　　Defendants. | No. 2:18-cv-00370-KJM-CKD<br><br>ORDER |
| CV Medical, LLC,<br><br>　　　　　　Third-Party Plaintiff,<br><br>　v.<br><br>Davis Tool, Inc.,<br><br>　　　　　　Third-Party Defendant. | |

　　　Plaintiff Bincymol Joseph brings this personal injury and contract action against CV Medical, LLC and Davis Tool, Inc. Davis Tool moves to dismiss the claims against it as barred by the relevant statute of limitations. The court **denies the motion**.

**I.　BACKGROUND**

　　　On December 2, 2015, Bincymol Joseph was working at Kaiser Permanente as a nurse. Second Am. Compl (SAC) ¶ 12, ECF No. 35. She was moving a NuBoom or NuCart, which is a

1

rolling medical video display unit, when a monitor dislodged and fell on her. *Id*. ¶¶ 12–13. Joseph suffered "severe neck and shoulder pain." *Id*. ¶ 15. She filed this action in state court on November 30, 2017, against Stryker Corporation and fifty Doe defendants. Not. of Removal ¶ 1, ECF No. 1. On May 21, 2019, after the case was removed here, Joseph amended her complaint. *See generally* First Am. Compl. (FAC), ECF No. 16. At the time, she believed Stryker "and/or" CV Medical manufactured and installed the monitor on the cart at the hospital. *Id*. ¶ 13. The First Amended Complaint did not name any Doe defendants in its caption, but the body of the complaint makes extensive allegations about Doe defendants, *id*. ¶¶ 3, 19,[1] 51, and asserts all six claims against them, *see generally id*. After discovery showing Stryker was not liable, the parties stipulated to Stryker's dismissal, which the court approved. Min. Order, ECF No. 20. In August 2020, Joseph and CV Medical jointly sought to bring Davis Tool into the action, through an amended complaint and a third-party complaint by CV Medical, because Davis Tool manufactured the "machine that is alleged to have caused [the] injuries to the plaintiff." Mot. to Am. and File Third-Party Compl. at 4, ECF No. 31-1.

With leave of court, ECF No. 34, Joseph filed her operative complaint, removing any allegations against Doe defendants and adding Davis Tool as a defendant for all claims, *see generally* SAC. The complaint alleges 1) Strict Products Liability - Personal Injury; 2) Failure to Warn of Defective Condition; 3) Breach of Implied Warranty of Fitness of Particular Purpose; 4) Breach of Implied Warranty of Merchantability; 5) Breach of Express Warranty; and 6) Negligence - Personal Injury. *Id*. CV Medical filed a third-party complaint against Davis Tool. ECF No. 39.

Davis Tool moves to dismiss. Mot. to Dismiss (MTD), ECF No. 46. The matter is fully briefed. Opp'n, ECF No. 48; Reply, ECF No. 49; Joint Sur-Reply, ECF No. 52.

/////

---

[1] The court notes that due to a typographical error, the first amended complaint contains two paragraphs numbered 19. *See* FAC at 4. The court's citation here is to the second paragraph 19.

## II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. ANALYSIS

Davis Tool argues the claims against it are untimely. MTD at 2. A party may move to dismiss under Rule 12(b)(6) when "the running of the statute [of limitations] is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted). The motion "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Joseph v. Asencio*, 976 F.2d 737 (9th Cir. 1992) (citation omitted).

"Generally, a federal court sitting in diversity applies the applicable statute of limitations of the jurisdiction in which the court sits." *Mendez v. Ishikawajima-Harima Heavy Indus. Co.*, 52 F.3d 799, 800 (9th Cir. 1995). The court's jurisdiction here is premised on diversity, SAC ¶ 10, thus California law supplies the statute of limitations. Joseph's claims implicate two different statutes of limitations. "Personal injury actions based upon products liability are governed by the one-year period of limitations." *G. D. Searle & Co. v. Superior Ct.*, 49 Cal. App. 3d 22, 25 (Ct. App. 1975) (citing Cal. Code Civ. Proc. § 340). The statute of limitations for other personal injury actions is two years. Cal. Code Civ. Proc. § 335.1. It is undisputed that Joseph's claims against Davis Tool were not filed until after these deadlines had passed. Her claims can proceed

1  only if the limitations period is tolled or her claims against Davis Tool relate back to the date of
2  her original filing.

3        Joseph argues her claims are timely because she only discovered Davis Tool's role in her
4  injury in June 2020.  Opp'n at 1.  Under California law, the "discovery rule" postpones the
5  accrual date "until [the plaintiff] either discovers or has reason to discover [the action.]"  *Soliman*
6  *v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citing *Norgart v. Upjohn Co.*,
7  21 Cal. 4th 383, 397 (1999)).  A claim accrues "when . . . [the plaintiff] at least suspects . . . that
8  someone has done something wrong to him."  *Id*. (citation and internal quotation marks omitted)).
9  But "because the identity of the defendant is not an element of any cause of action[ ] [i]t follows
10 that failure to discover, or have reason to discover, the identity of the defendant does not postpone
11 the accrual of a cause of action. . . ."  *Norgart*, 21 Cal. 4th at 399 (internal citation omitted).
12 Accordingly, the discovery rule does not operate to make the complaint here timely.

13       Joseph's claims are timely, however, because they relate back to the date of her original
14 pleading.  "An amendment to a pleading relates back to the date of the original pleading when . . .
15 the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P.
16 15(c)(1)(A).  In California, "[w]hen the plaintiff is ignorant of the name of a defendant," and says
17 so in the complaint, the defendant may be sued under a fictitious name until "his true name is
18 discovered."  Cal. Civ. Proc. Code § 474.  The federal court's general disfavor of Doe defendants
19 gives way here given the application of state law and Rule 15(c)(1)'s permitting relation back
20 under state law "even if the amendment would not otherwise relate back under the federal rules."
21 *Shidler v. Cty. of San Bernardino*, No. 5:19-503, 2020 WL 10224752, at *3 (C.D. Cal. July 28,
22 2020).  Thus, plaintiffs may "effectively extend[ ] the limitations period in question by the filing
23 and amendment of a Doe complaint and invocation of the relation-back doctrine."  *Norgart*,
24 21 Cal. 4th 383, 399 (citation and quotation marks omitted).  However, "if a defendant is added to
25 an amended complaint as a new defendant, and not as a Doe defendant, the amendment does not
26 relate back to the time of the original complaint."  *Anderson v. Allstate Ins. Co*., 630 F.2d 677,
27 683 (9th Cir. 1980) (citing *Scherer v. Mark*, 64 Cal. App. 3d 834, 841–43 (1976) (citations
28 omitted)).  Applying California law, the Ninth Circuit in *Anderson v. Allstate Insurance Company*

4

concluded the complaint did not relate back because the plaintiff was not ignorant of the defendant's name or role in the case when filing the original complaint. *Id.* at 682–83. Here, by contrast, Joseph was "genuinely ignorant of Doe Defendant['s] identit[y] at the time the original complaint was filed," and she is not adding Davis Tool as a new defendant, rather she is correcting the identification of a former Doe defendant. *Shidler*, 2020 WL 10224752, at *3 (C.D. Cal. July 28, 2020). She did not become aware of Davis Tool until discovery had progressed with CV Medical. Reply at 2. She then substituted Davis Tool for a Doe defendant in her operative pleading. *See generally* SAC. Her claims relate back under Rule 15(c)(1)(A) and California law. *See* Cal. Civ. Proc. Code § 474.

Davis Tool argues the operative complaint does not relate back to the date of Joseph's original filing because she did not include Doe defendants in the caption of her First Amended Complaint. *See* Reply at 2. This omission appears to have been an oversight and is technical, not substantive. The First Amended Complaint included extensive allegations and claims against the Doe defendants. Absent controlling law to the contrary, the court declines to dismiss Davis Tool on this ground.

IV. **CONCLUSION**

The court **denies the motion to dismiss.**

This order resolves ECF No. 46.

IT IS SO ORDERED.

DATED: March 22, 2022.

CHIEF UNITED STATES DISTRICT JUDGE