UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| BINCYMOL JOSEPH,<br><br>        Plaintiff,<br>    v.<br><br>STRYKER CORPORATION, a business entity, CV MEDICAL LLC, and DAVIS TOOL, INC.,<br><br>        Defendants. | No. 2:18-cv-00370-DJC-CKD<br><br><br>ORDER |
|---|---|

Defendant COMPVIEW MEDICAL, LLC ("CV MEDICAL") filed a Notice of Bankruptcy Filing in this matter on May 17, 2023, informing the Court that CV MEDICAL had filed for Chapter 7 on May 11, 2023. (ECF No. 72.) Accordingly, the Court issued a Minute Order staying this matter on May 19, 2023. (ECF No. 74.) The Parties then filed a Stipulation and Proposed Order to Dismiss the Case with Prejudice on May 22, 2023, (ECF No. 75,) which the Court has not reviewed given the stay. CV MEDICAL now asks the Court to lift the stay and dismiss this matter pursuant to the Parties' stipulation. (ECF No. 76.)

When a debtor files a bankruptcy petition, 11 U.S.C. § 362(a) imposes an automatic stay on proceedings against the debtor. The Ninth Circuit has explained that "[t]he automatic stay is self-executing" and "sweeps broadly, enjoining the

commencement or continuation of any judicial, administrative, or other proceedings against the debtor . . . ."  *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081–82 (9th Cir. 2000) (en banc).  In light of this broad sweep, actions, including judicial proceedings, "taken in violation of the automatic stay are void." *Id.* at 1082.  A party may petition the bankruptcy court for relief from the automatic stay.  11 U.S.C. § 362(d).  However, "because only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of the [stayed] proceeding can derive legitimacy only from the bankruptcy court order." *Gruntz*, 202 F.3d at 1082 (quoting *Noli v. Comm'r of Internal Revenue*, 860 F.2d 1521, 1525 (9th Cir. 1988)); *see also Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108 (9th Cir. 1995) (a decision to lift an automatic stay under section 362 is within the discretion of the bankruptcy court).

CV MEDICAL is the debtor in a Chapter 7 proceeding currently ongoing in the United States Bankruptcy Court for the Western District of Washington.  (ECF No. 72.)  This matter is stayed pending resolution of that proceeding, (ECF No. 74,) and only the bankruptcy court may grant relief from the stay.  CV MEDICAL has not indicated the bankruptcy court has done so.  Thus, this Court lacks authority to lift the stay and dismiss the case.

Accordingly, CV MEDICAL's request to lift stay (ECF No. 76) is hereby DENIED.  Should the Bankruptcy Court lift the stay, the parties may submit any renewed requests to dismiss this case.

IT IS SO ORDERED.

Dated:   **October 10, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE